UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| BENJAMIN A. LAIGO,<br><br>                Petitioner,<br><br>   v.<br><br>STATE OF WASHNGTON,<br><br>                Respondent. | CASE NO. 2:20-cv-01827-RSM-BAT<br><br>**REPORT AND RECOMMENDATION** |

Before the Court is petitioner's *pro se* 28 U.S.C. § 2254 petition for writ of habeas corpus challenging his December 2, 2016 conviction in King County Superior Court Case No 15-1-04397-4-SEA, Dkt. 8; a Motion for Vicarious Exhaustion, Dkt. 9; and a Motion to Compel. Dkt. 10. The matter has been referred to the undersigned Magistrate Judge. Under Rule 4 of the rules governing § 2254 petitions, the Court must promptly examine a habeas petition once it is properly filed and if it plainly appears from the petition and its attachments the petitioner is not entitled to relief, the Court must dismiss the petition.

The Court has examined the petition. The habeas petition plainly states petitioner pled guilty to multiple criminal offenses, did not appeal his conviction or sentence, and did not file a collateral challenge to his conviction. *Id.* at 1-3. On its face, the present petition establishes that petitioner has never presented to the state courts any of the grounds for relief he now presents,

REPORT AND RECOMMENDATION - 1

and that his state judgment became final outside the one-year limitations period applicable to federal habeas corpus petitions. Additionally, none of the grounds for relief asserted in the habeas petition support relief.  Because the petition is unexhausted, time barred and fails to establish grounds for relief it should be dismissed with prejudice. Leave to amend the petition should not be granted. Although petitioner proceeds *pro se*, no amendment would cure the fatal defects mentioned above. The Court should also strike petitioner's motion for vicarious exhaustion which argues the Court should find his claims are exhausted, Dkt. 9, and his Motion to Compel which requests the Court grant petitioner the relief requested in his habeas petition. Dkt. 10. Both motions are unfounded and provide no basis to excuse petitioner's failure to exhaust his claims or for the Court to grant the relief requested in the habeas petition. If the Court adopts this recommendation, a Certificate of Appealability should not be issued.

## DISCUSSION

**A.    Claims Raised in the Habeas Petition**

Petitioner's habeas petition alleges claims for relief A1 through A24, which are listed in an attached 25- page exhibit.  Dkt. 8. Plaintiff alleges:

A1. Washington State has no jurisdictional authority to decide United States Constitutional matters.

A2. Petitioner is held illegally in violation of the United States Constitution.

A3. Petitioner's conviction is illegal because he was not charged by grand jury indictment.

A4. A federal court is the only court with jurisdiction to adjudicate the violation of petitioner's rights under the United States Constitution.

REPORT AND RECOMMENDATION - 2

A5. Washington State has no jurisdictional authority to decide United States Constitutional matters.

A6 There are no remedies when Washington State violates federal law.

A7. Petitioner is held illegally in violation of the United States Constitution.

A8. Washington State has acted in violation of the United States Constitution.

A9. Washington State has violated petitioner's federal rights and thus has no jurisdictional authority to decide United States Constitutional matters.

A10. Washington State has no jurisdictional authority to decide United States Constitutional matters.

A11. There are no remedies when Washington State violates federal law.

A12. Petitioner is held illegally in violation of the United States Constitution.

A13. Petitioner's conviction and confinement violates the 13th Amendment's prohibition of slavery and involuntary servitude.

A14. Washington State has violated petitioner's federal rights and thus has no jurisdictional authority to decide United States Constitutional matters.

A15. Washington State has no jurisdictional authority to decide United States Constitutional matters.

A16. There are no remedies when Washington State violates federal law.

A17. Petitioner is held illegally in violation of the United States Constitution.

A18. Petitioner's conviction is illegal because he was not charged by grand jury indictment.

A19. A federal court is the only court with jurisdiction to adjudicate the violation of petitioner's rights under the United States Constitution.

REPORT AND RECOMMENDATION - 3

1       A20. Washington State has no jurisdictional authority to decide United States Constitutional matters.

      A21. There are no remedies when Washington State violates federal law.

      A22. Washington State has violated petitioner's federal rights and thus has no jurisdictional authority to decide United States Constitutional matters.

      A23. Washington State has no jurisdictional authority to decide United States Constitutional matters.

      A24. Washington State denied petitioner a preliminary hearing because he was not charged by grand jury indictment.

      A25. Regarding the timeliness of the habeas petition, the petition is an "original action" and not an "appeal or mechanism requesting review of petitioner's judgment of conviction."

      A26. The Court should intervene and uphold petitioner's Constitutional rights.

**B.**    **Petitioner's Claims Are Unexhausted**

      A habeas petitioner may pursue federal habeas relief only after he or she has exhausted state judicial remedies. *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). The exhaustion of state court remedies is a prerequisite to the granting of a petition for writ of habeas corpus. 28 U.S.C. § 2254(b)(1)(A).[1] *See Rose v. Lundy*, 455 U.S. 509 (1982). The exhaustion doctrine is based on a policy of federal and state comity that is designed to give state courts the initial opportunity to correct alleged constitutional deprivations. *See Picard v. Connor*, 404 U.S. 270, 275 (1971). A petitioner can satisfy the exhaustion requirement by providing the highest state

---

[1] This section states that "An application for a writ of habeas corpus on behalf of a person in custody to the judgement of a State court shall not be granted unless it appears that —(A) the applicant has exhausted the remedies available in the courts of the State."

REPORT AND RECOMMENDATION - 4

court with a full and fair opportunity to consider all claims before presenting them to the federal court. *Id.* at 276.

Thus, petitioner was required to raise the grounds for relief contained in his habeas petition to the Washington Court of Appeals and Washington Supreme Court. He affirmatively avers he did not (Dkt. 6 at 2); each of the claims contained in his federal petition are consequently unexhausted. Petitioner contends he did not on present his grounds for relief to the state courts contending the state courts lack the "jurisdictional authority to decide on United States Constitution matters." This contention fails because federal habeas relief is available only where the state court's adjudication was contrary to or an unreasonable application of clearly established federal law as established by the Supreme Court of the United States. In other words, state courts have the authority to determine whether the federal constitutional rights of a state criminal defendant were violated, and in a habeas action, federal courts are limited to reviewing the state courts' determination regarding those federal rights.

A federal court must dismiss a habeas petition if all claims are unexhausted. *Coleman v. Thompson*, 501 U.S. 722, 731 (1991) ("This Court has long held that a state prisoner's habeas petition should be dismissed if the prisoner has not exhausted state remedies as to any of his federal claims."). As petitioner avers he has not appealed his convictions in the state courts and thus has never presented his grounds for relief to the state courts, his federal petition is unexhausted and should be dismissed with prejudice.

The Court notes petitioner claims his habeas petition is "vicariously exhausted" because another petitioner presented similar claims to the state courts, and ostensibly exhausted his claims before presenting them to a federal court. That another petitioner exhausted his claims has no bearing on whether petitioner exhausted his claims. Petitioner's habeas petition specifically

states the claims have never been presented to the state courts on appeal or otherwise. The motion for vicarious exhaustion is thus unfounded, and should be stricken.

**C.    Petitioner's Claims Lack Merit**

Even if plaintiff had exhausted the claims asserted in his federal habeas petition, none of the claims have any merit and the petition should therefore be dismissed.

### *1.    Requirement of Grand Jury Indictment*

Petitioner contends his federal constitutional rights were violated because he was not charged in the state court by Grand Jury Indictment as required by the Fifth Amendment. The contention lacks merit because it has long been settled that there is no denial of Federal Constitutional rights involved in the substitution of the prosecuting attorney's criminal information for the grand jury's indictment. *Hurtado v. People of State of California*, 110 U.S. 516 (1884) (Rejecting claim that grand jury indictment is essential to due process and that it is a violation of the Fourteenth Amendment for a state to prosecute a defendant by criminal information).

### *2.    Thirteenth Amendment and Slavery*

Petitioner also contends his conviction and sentence violate the Thirteenth Amendment's prohibition against slavery. It is unclear what facts support this contention. If petitioner is claiming he performs work activity in the prison in violation of the Thirteenth Amendment, the claim fails. Although the Thirteenth Amendment prohibits slavery and involuntary servitude, it explicitly exempts forced labor that is imposed as punishment pursuant to a criminal conviction. U.S. Const. Amend. XIII. "Neither slavery nor involuntary servitude, except as a punishment for crime whereof the party shall have been duly convicted, shall exist within the United States ....

"*Id*. at § 1. The Thirteenth Amendment thus does not apply where prisoners are required to work in accordance with prison rules. *Berry v. Bunnell*, 39 F.3d 1056, 1057 (9th Cir.1994).

If plaintiff is claiming the Thirteenth Amendment is violated because his conviction was obtained without grand jury indictment and is invalid, the claim also fails. As noted above a state may charge a criminal defendant by information and the failure to utilize a grand jury does not offend the due process clause. Petitioner has thus failed to present facts that would establish, in the slightest, a violation of the Thirteenth Amendment.

The Court also notes that after the habeas petition was accepted for filing, petitioner filed a motion to compel. Dkt. 10. The motion repeats petitioner's claims that Washington State has violated his rights and this Court should grant his request for relief. The motion provides no basis for relief and for the reasons above and should be stricken.

**D.     The Petition is Untimely - Federal Statute of Limitations, 28 U.S.C. § 2244(d)**

Federal habeas corpus petitions filed by persons imprisoned under a state court judgment are subject to a one-year statute of limitations. *See* 28 U.S.C. § 2244(d)(1). Under 28 U.S.C. § 2244(d)(1)(A), "[t]he limitation period shall run from . . . the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review . . . ." In some cases, "direct review" includes the period within which a petitioner can file a petition for a writ of certiorari from the United States Supreme Court. *Gonzalez v. Thaler*, 565 U.S. 134, 150 (2012). However, because petitioner did not seek review in the state courts, the judgment in his case became final on the day the time for seeking review in the state courts expired. As the Court in *Gonzalez, id.* stated, "[w]e thus agree with the Court of Appeals that because Gonzalez did not appeal to the State's highest court, his judgment became final when his time for seeking review with the State's highest court expired."). Here under Washington Rule of

REPORT AND RECOMMENDATION - 7

1  Appellate Procedure (RAP) 5.2, petitioner had 30 days to file an appeal of his conviction. He did
2  not and thus his conviction which the petitioner alleges occurred on December 2, 2016 became
3  final thirty days later on January 2, 2017. The federal habeas statute of limitations accordingly
4  started to run on that day and expired a year later on February 1, 2018. The petition herein was
5  submitted for filing on December 21, 2020 and is thus time-barred and should be dismissed.

## CERTIFICATE OF APPEALABILITY

If the District Court adopts the Report and Recommendation, it must determine whether a certificate of appealability ("COA") should issue. Habeas Rule 11(a). A COA may be issued only where a petitioner has made "a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(3). A petitioner satisfies this standard "by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). The Court recommends a COA not be issued. No jurist of reason would find it debatable whether the district court was correct in its ruling that petitioner has submitted seeks habeas relief for claims he has failed to present to the state courts, lack merit, and are presented in a time-barred petition. Petitioner should address whether a COA should issue in his written objections, if any, to this Report and Recommendation.

## OBJECTIONS AND APPEAL

This Report and Recommendation is not an appealable order. Therefore, petitioner should not file a notice of appeal seeking review in the Court of Appeals for the Ninth Circuit until the assigned District Judge enters a judgment in the case.

1   Any objection to this Report and Recommendation must be filed no later than
2   **JANUARY 27, 2021.**  The Clerk should note the matter for **JANUARY 29, 2021**, as ready for
3   the District Judge's consideration.  Objections shall not exceed five pages.  The failure to timely
4   object may affect the right to appeal.

5   DATED this 13th day of January, 2021.

_____
BRIAN A. TSUCHIDA
Chief United States Magistrate Judge

REPORT AND RECOMMENDATION - 9